

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *973/645-2700*
*Newark, NJ 07102*

Callaway/PL AGR

August 16, 2006

Jeremy D. Frey
Pepper Hamilton LLP 3000
Two Logan Square,
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103-2799

Re:  Plea Agreement with Craig Callaway
     Criminal No. 06-00689-01 (JHR)

Dear Mr. Frey:

This letter sets forth the plea agreement between your client, Craig Callaway, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Craig Callaway to an information which charges one count of attempted extortion under color of official right in violation of 18 U.S.C. § 1951(a). If Craig Callaway enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Craig Callaway for accepting corrupt payments from in or about December 2003, to in or about January 2005, from the individuals identified in the Information as "Contractor 1" and UC-1. In the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Craig Callaway may be commenced against him, notwithstanding the expiration of the limitations period after Craig Callaway signs the agreement and Craig Callaway agrees to waive any statute of limitations with respect to any such crimes that would otherwise expire after Craig Callaway signs the agreement.

Sentencing

          The violation of 18 U.S.C. § 1951(a) to which Craig
Callaway agrees to plead guilty carries a statutory maximum
prison sentence of twenty years and a statutory maximum fine
equal to the greatest of:   (1) $250,000; (2) twice the gross
amount of any pecuniary gain that any persons derived from the
offense; or (3) twice the gross amount of any pecuniary loss
sustained by any victims of the offense.   Fines imposed by the
sentencing judge may be subject to the payment of interest.

          The sentence to be imposed upon Craig Callaway is
within the sole discretion of the sentencing judge, subject to
the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-
3742, and the sentencing judge's consideration of the United
States Sentencing Guidelines.   The United States Sentencing
Guidelines are advisory, not mandatory.   The sentencing judge may
impose any reasonable sentence up to and including the statutory
maximum term of imprisonment and the maximum statutory fine.
This Office cannot and does not make any representation or
promise as to what guideline range may be found by the sentencing
judge, or as to what sentence Craig Callaway ultimately will
receive.

          Further, in addition to imposing any other penalty on
Craig Callaway, the sentencing judge:   (1) will order Craig
Callaway to pay an assessment of $100 pursuant to 18 U.S.C. §
3013, which assessment must be paid by the date of sentencing;
(2) may order Craig Callaway to pay restitution pursuant to 18
U.S.C. §§ 3563(b); (3) may order Craig Callaway, pursuant to 18
U.S.C. § 3555, to give notice to any victims of his offense; and
(4) pursuant to 18 U.S.C. § 3583, may require Craig Callaway to
serve a term of supervised release of not more than three years,
which will begin at the expiration of any term of imprisonment
imposed.   Should Craig Callaway be placed on a term of supervised
release and subsequently violate any of the conditions of
supervised release before the expiration of its term, Craig
Callaway may be sentenced to not more than two years'
imprisonment in addition to any prison term previously imposed,
regardless of the statutory maximum term of imprisonment set
forth above and without credit for time previously served on
post-release supervision, and may be sentenced to an additional
term of supervised release.

Rights of this Office Regarding Sentencing

          Except as otherwise provided in this agreement, this
Office reserves its right to take any position with respect to

- 2 -

the appropriate sentence to be imposed on Craig Callaway by the
sentencing judge, to correct any misstatements relating to the
sentencing proceedings, and to provide the sentencing judge and
the United States Probation Office all law and information
relevant to sentencing, favorable or otherwise.  In addition,
this Office may inform the sentencing judge and the United States
Probation Office of:  (1) this agreement; and (2) the full nature
and extent of Craig Callaway's activities and relevant conduct
with respect to this case.

Stipulations

        This Office and Craig Callaway agree and stipulate at
sentencing to the statements set forth in the attached Schedule
A, which hereby is made a part of this plea agreement.  This
agreement to stipulate, however, cannot and does not bind the
sentencing judge, who may make independent factual findings and
may reject any or all of the stipulations entered into by the
parties.  To the extent that the parties do not stipulate to a
particular fact or legal conclusion, each reserves the right to
argue the existence of and the effect of any such fact or
conclusion upon the sentence.  Moreover, this agreement to
stipulate on the part of this Office is based on the information
and evidence that this Office possesses as of the date of this
agreement.  Thus, if this Office obtains or receives additional
evidence or information prior to sentencing that it determines to
be credible and to be materially in conflict with any stipulation
in the attached Schedule A, this Office shall not be bound by any
such stipulation.  A determination that any stipulation is not
binding shall not release either this Office or Craig Callaway
from any other portion of this agreement, including any other
stipulation.  If the sentencing court rejects a stipulation, both
parties reserve the right to argue on appeal or at post-
sentencing proceedings that the sentencing court was within its
discretion and authority to do so.  These stipulations do not
restrict this Office's right to respond to questions from the
Court and to correct misinformation that has been provided to the
Court.

Waiver of Appeal and Post-Sentencing Rights

        As set forth in Schedule A, this Office and Craig
Callaway waive certain rights to file an appeal, collateral
attack, writ or motion after sentencing, including but not
limited to an appeal under 18 U.S.C. § 3742 or a motion under 28
U.S.C. § 2255.

- 3 -

Other Provisions

        This agreement is limited to the United States
Attorney's Office for the District of New Jersey and cannot bind
other federal, state, or local authorities.  However, this Office
will bring this agreement to the attention of other prosecuting
offices, if requested to do so.

No Other Promises

        This agreement constitutes the plea agreement between
Craig Callaway and this Office and supersedes any previous
agreements between them.  No additional promises, agreements, or
conditions have been made or will be made unless set forth in
writing and signed by the parties.

                              Very truly yours,

                              CHRISTOPHER J. CHRISTIE
                              United States Attorney


                              By: THOMAS J. EICHER
                              Assistant U.S. Attorney
                              Deputy Chief, Special
                              Prosecutions Division


                              By: JUDITH H. GERMANO
                              Assistant U.S. Attorney

APPROVED:


James Nobile
Chief, Special Prosecutions Division


                        - 4 -

I have received this letter from my attorney, Jeremy D. Frey, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:


Craig Callaway                              Date: 8-30-06


Jeremy D. Frey, Esq.                        Date: 8-30-06


- 5 -

Plea Agreement With Craig Callaway

Schedule A

1.   This Office and Craig Callaway recognize that the
United States Sentencing Guidelines are not binding upon the
Court.   This Office and Craig Callaway nevertheless agree to the
stipulations set forth herein.

2.   The version of the United States Sentencing
Guidelines effective November 1, 2003 applies in this case. The
applicable guideline is § 2C1.1.

3. The parties agree: the base offense level is 10
under § 2C1.1(a); the base offense level should be increased by 2
levels under § 2C1.1(b)(1) because the offense involved more than
one bribe or extortion payment; the base offense level should be
increased by 8 levels under § 2C1.1(b)(2)(B) because the offense
involved a payment for the purpose of influencing an elected
official.

4. A 2 level increase is appropriate under § 3C1.1
because the defendant willfully obstructed and impeded the
administration of justice during the course of the investigation
and the obstructive conduct related to the defendant's offense of
conviction and any relevant conduct.

5.   As of the date of this letter, Craig Callaway has
clearly demonstrated a recognition and affirmative acceptance of
personal responsibility for the offense charged.   Therefore, a
downward adjustment of 2 levels for acceptance of responsibility
is appropriate if Craig Callaway's acceptance of responsibility
continues through the date of sentencing.   See U.S.S.G.
§ 3E1.1(a).

6.   As of the date of this letter, Craig Callaway has
timely notified authorities of an intention to enter a plea of
guilty, thereby permitting the United States to avoid preparing
for trial and permitting the court to allocate its resources
efficiently.   If the offense level is 16 or greater, Craig
Callaway is entitled to an additional decrease of 1 level
pursuant to U.S.S.G. § 3E1.1(b), unless defendant Craig Callaway
indicates an intention not to enter a plea of guilty, thereby
forcing the government to prepare for trial.

- 6 -

Total Offense Level

7.   In accordance with the above, the applicable
guidelines total offense level is 19.  The parties agree not to
seek or argue for any upward or downward departure or any upward
or downward adjustment not set forth herein.  The parties further
agree that a sentence within the Guidelines range that results
from the agreed total Guidelines offense level of 19 is
reasonable. If the defendant has a Criminal History Category of
I, this corresponds to a sentencing range of 30 to 37 months
imprisonment.

8.   Craig Callaway knows that he has and, except as
noted below in this paragraph, voluntarily waives, the right to
file any appeal, any collateral attack, or any other writ or
motion, including but not limited to an appeal under 18 U.S.C. §
3742 or a motion under 28 U.S.C. § 2255, which challenges the
sentence imposed by the sentencing court if that sentence falls
within or below the Guidelines range that results from the total
Guidelines offense level of 19.  This Office will not file any
appeal, motion, collateral attack, or writ which challenges the
sentence imposed by the sentencing court if that sentence falls
within or above the Guidelines range that results from the total
Guidelines offense level of 19.  The parties reserve any right
they may have under 18 U.S.C. § 3742 to appeal the sentencing
court's determination of the criminal history category.  The
provisions of this paragraph are binding on the parties even if
the Court employs a Guidelines analysis different from that
stipulated to herein.  Furthermore, if the sentencing court
accepts a stipulation, both parties waive the right to file an
appeal, collateral attack, writ, or motion claiming that the
sentencing court erred in doing so.

9.   Both parties reserve the right to oppose or move to
dismiss any appeal, collateral attack, writ, or motion barred by
the preceding paragraph and to file or to oppose any appeal,
collateral attack, writ or motion not barred by the preceding
paragraph.

** TOTAL PAGE.02 **