NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG CALLAWAY, | : | |
| | : | |
| Petitioner, | : | Hon. Joseph H. Rodriguez |
| | : | |
| v. | : | Civil Action No. 07-2641 |
| | : | [Crim. No. 06-0689] |
| UNITED STATES OF | : | |
| AMERICA, | : | ORDER |
| | : | |
| Respondent. | : | |

RODRIGUEZ, Senior District Judge:

This matter comes before the Court on two motions [1, 5] filed *pro se* by Petitioner Craig Callaway ("Petitioner"). First, Petitioner moves under 28 U.S.C. § 2255 to correct an allegedly improper sentence he received in connection with a criminal proceeding against him [1]. Second, he moves to amend his section 2255 petition [5]. For the reasons set out below, the Court will grant in part and deny in part Petitioner's motion to amend [5], and will deny Petitioner's motion for collateral relief [1].

I.  BACKGROUND

On December 17, 2003, Petitioner was charged in a one-count Information with attempted extortion under color of official right in violation of 18 U.S.C. § 1951(a) and (2).  (See Information, 06-cr-0689.)  He pleaded guilty to this count on August 30, 2006, in keeping with a written plea agreement into which he entered with Respondent United States of America ("the Government") on August 16, 2006.  (See Guilty Plea Agreement,

06-cr-0689 ("Plea Agr.")).

As part of his plea agreement, Petitioner acknowledged that he

> voluntarily waives[] the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to . . . a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 19.

(Plea Agr., ¶ 8.)  At Petitioner's plea hearing, both Petitioner and his counsel confirmed as correct an outline of this waiver, which was placed on the record by the Government:

> MR. EICHER:
> . . .
> The parties do provide that in the event the sentence imposed is within the offense level of 19, as reflected in the stipulations, both parties will waive their right to appeal or otherwise collaterally attack the sentence in this matter.
> . . .
>
> THE COURT: Mr. Frey, do you agree with the outline you just heard from the Government?
>
> MR. FREY: Yes, as further set forth in the plea agreement itself which is dated August 16th, 2006.
>
> THE COURT: Mr Callaway, do you agree with the outline you have heard from the Government?
>
> MR. CALLAWAY: Yes, Your Honor.

(Plea Hearing Tr., August 30, 2006, 12:15-13:4.)  The Court then engaged Petitioner in the following colloquy:

> THE COURT: Now your plea agreement also contains waivers of appeal if certain conditions and understandings in keeping

>       with the plea agreement are met.  You understand that?  If that
>       takes place, you lose all right to appeal?
>
>       MR. CALLAWAY: Yes.

(*Id.*, 18:20-19:1.)  The Court then accepted Petitioner's guilty plea.

A few months later, at Petitioner's sentencing hearing on March 13, 2007, the Court found that Petitioner had a total offense level of 19, with a criminal history category of III.  This produced a Guidelines sentence range of 37-46 months imprisonment.  The Court then sentenced Petitioner to 40 months in prison, followed by 36 months of supervised release.

Notwithstanding the waiver contained in his plea agreement, Petitioner filed his motion for collateral relief on June 6, 2007.  The crux of Petitioner's argument in this motion is that the sentence imposed by the Court exceeded the maximum sentence he was allegedly promised by his lawyer, the United States Attorney, and the Court itself.

Pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the Court sent Petitioner a notice informing him, *inter alia*, that he could amend his petition to include all claims for which he sought review of his sentence.  Meanwhile, the Government Answered Petitioner's motion for relief on July 27, 2007 and sought its denial or dismissal based on the waiver to which Petitioner had agreed.  On August 6, 2007, Petitioner responded to the *Miller* notice by filing a motion to amend his original petition to include additional arguments for relief.  The Court has no record of opposition from the Government to the motion to amend.  The Court will now consider both Petitioner's

motion to amend and his petition for collateral relief.

## II.  DISCUSSION

### A.  Petitioner's Motion to Amend His Section 2255 Petition

Petitioner moves to amend his section 2255 motion to include several additional claims for relief.  These claims can generally be categorized into either of two varieties.  First, he presents an additional argument relating to the alleged impropriety of his sentence itself.  Specifically, he claims that the Court improperly characterized four of his prior convictions as violent and therefore erroneously calculated his sentence.  Second, Petitioner raises several arguments relating to the conditions of his imprisonment, including allegations of racial discrimination, religious persecution, and violations of Petitioner's rights to free expression and association.  As discussed below, the Court will permit amendment of the underlying petition to include the additional argument relating to Petitioner's sentence, but will deny the motion to amend as to the arguments pertaining to the conditions of Petitioner's imprisonment.

The Third Circuit has held that motions to amend habeas corpus petitions, including those brought under section 2255, are governed by the Federal Rules of Civil Procedure.  *See United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999).  Rule 15(a)(1)(A) provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed.  Once a responsive pleading has been filed, however, "a party may amend its pleading only with the opposing party's written consent

4

or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

In this case, the Government has responded to Petitioner's motion for collateral relief and has provided no written consent to his motion to amend. Therefore, he may amend his pleadings only if the Court grants its leave.

As an initial matter, the Court notes that the Government has not filed any opposition to Petitioner's motion to amend his pleadings. Moreover, given the restrictions on second or successive habeas petitions, *see* 28 U.S.C. § 2255(h), the Court concludes that justice requires allowing Petitioner to amend his pleading to include the additional argument relating to the alleged impropriety of his sentence (i.e., that the Court improperly used four prior convictions in calculating Petitioner's sentence). Having said that, the Court must reach the opposite conclusion regarding Petitioner's claims of allegedly unconstitutional prison conditions.

While leave should be freely given under Rule 15(a)(2), a district court can deny a request to amend if the record reveals that the amendment would be futile. *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005). An amendment is considered futile if the amended pleading would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Here, notwithstanding the Government's lack of opposition, the Court concludes that it should deny Petitioner's motion to amend to the extent that he challenges the

5

conditions of his imprisonment. Such claims are not cognizable under section 2255. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) (stating that section 2255 is "expressly limited to challenges to the validity of the petitioner's sentence"); *Orlando v. United States*, Civil No. 04-5085, 2005 U.S. Dist. LEXIS 37642, *5 (D.N.J. Dec. 29, 2005) (holding that a prisoner's claims of deliberate indifference to medical needs could not be redressed in a petition brought under section 2255). As such, these claims could not withstand a motion to dismiss. *See Ruiz v. United States*, Civil No. 99-9868, 2000 U.S. Dist. LEXIS 10224, *2-3 (S.D.N.Y. July 24, 2000) (holding that a prisoner's petition under section 2255 failed to state a claim where it alleged that prison conditions violated his constitutional rights). Therefore, amending the underlying petition to include such claims would be futile. For these reasons, the Court will consider Petitioner's motion for relief under section 2255 partially amended so that it now includes his additional argument relating to the alleged impropriety of his sentence, but does not include any arguments relating to allegedly unconstitutional conditions of Petitioner's imprisonment.[1]

### B.  Petitioner's Motion for Relief Pursuant to 28 U.S.C. § 2255

As discussed above, Petitioner offers several arguments in support of his collateral attack, including denial of due process and a fair sentencing hearing, as well as a breach of his plea agreement by the Government. However, each of these arguments is premised

---

[1] The Court expresses no opinion regarding the merits of Petitioner's prison conditions claims. Its denial in part of Petitioner's motion to amend is therefore without prejudice to Petitioner's right to pursue those claims using an appropriate mechanism for relief.

on the same basic allegation; Petitioner claims that he was repeatedly told by his lawyer, the United States Attorney, and the Court that he would be sentenced to no more than 46 months.  He contends his sentence of 40 months imprisonment plus 36 months supervised release exceeds his allegedly promised maximum sentence.  Likewise, in light of the Court's ruling on Petitioner's motion to amend, Petitioner also argues that the Court improperly characterized four of his prior convictions as violent and therefore erroneously calculated his sentence.  The Court will not entertain any of Petitioner's arguments directly, however, because he has waived his right to bring this petition.

In *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), the Court of Appeals for the Third Circuit held that a criminal defendant's "waiver[] of appeals [is] generally permissible if entered into knowingly and voluntarily, unless [it] work[s] a miscarriage of justice."  *Id.* at 558; *see also id.* at 563.  This is true even where the defendant's underlying claims are potentially meritorious.  *See id.* at 561-62.

The Third Circuit has not determined whether its ruling in *Khattak* applies equally to a criminal defendant's waiver of the right to bring a motion pursuant to section 2255. *See United States v. Wilson*, 429 F.3d 455, 460 n.6 (3d Cir. 2005) (noting that the Third Circuit has not yet addressed the issue of whether a plea agreement provision waiving the right to collateral attack is valid and enforceable).  However, in a non-precedential opinion, the Third Circuit indicated that a waiver of the right to collaterally attack a sentence is valid if it meets the *Khattak* test, i.e., the waiver was knowing and voluntary

7

and the enforcement of the waiver does not result in a miscarriage of justice. *See generally United States v. Perry*, 142 Fed. Appx. 610 (3d Cir. Aug. 8, 2005) (concluding that the district court's denial of the petitioner's motion for collateral relief was proper in light of his waiver of his right to bring such a petition).

Moreover, several district courts within this Circuit have extended the rule of *Khattak* to petitions for collateral relief under section 2255. *See, e.g.*, *Baker v. United States*, Civil No. 04-5641, 2007 WL 1071958, at *5 (D.N.J. Apr. 5, 2007) ("[T]he standard set forth by the Third Circuit in *Khattak* applies to waivers of the right to collaterally attack a sentence pursuant to § 2255."); *Darr v. United States*, Civil No. 06-608, 2006 WL 2645119, at *2 (D.N.J. Sept. 14, 2006) ("[T]he logic of *Khattak* is as applicable [to motions for relief under section 2255] as it is to appeals."); *United States v. Lam*, Civil No. 05-5530, 2006 WL 1530875, *2 (E.D. Pa. June 2, 2006) ("[T]he logic of *Khattak* applies with equal force" to "waivers of collateral attacks."); *Simon v. United States*, Civil No. 05-5503, 2006 WL 3534600, at *5 (D.N.J. Dec. 7, 2006) ("[T]he standard set forth by the Third Circuit in *Khattak* is equally applicable to waivers of the right to collaterally attack a sentence pursuant to section 2255.").

The Court is therefore obliged to enforce Petitioner's waiver and deny his motion for relief if (1) the waiver was made knowingly and voluntarily; and (2) enforcing the waiver will not work a miscarriage of justice. As discussed below, these elements are satisfied in this case.

*1. Knowing and Voluntary Waiver*

The Third Circuit, in *Khattak*, stated: "In determining whether a waiver of appeal is 'knowing or voluntary,' the role of the sentencing judge is critical." *Khattak*, 273 F.3d at 563. The Court then quoted the following passage from Rule 11 of the Federal Rules of Criminal Procedure:

> (c) Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands the following:
>
> . . .
>
> (6) the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence.

*Id.* (omission in original).

In this case, the record demonstrates that Petitioner has knowingly and voluntarily waived his right to collateral relief. He signed the plea agreement, which clearly states that he read and understood its terms. (*See* Plea Agr., p. 5.) In this agreement, he stipulated that he "voluntarily waives[] the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to . . . a motion under 28 U.S.C. § 2255," so long as the sentence imposed by the Court fell within or below the Guidelines range for a total offense level of 19. (*Id.*, ¶ 8.) At Petitioner's plea hearing, the Government placed this waiver on the record, and Petitioner confirmed it as being accurate. (*See* Plea Hearing Tr., August 30, 2006, 12:15-13:4.) Later, during

its colloquy with Petitioner, the Court again confirmed that he understood that by entering into the plea agreement, he was waiving his appellate rights. (*See* Plea Hearing Tr., August, 30, 2006, 18:20-19:1.) While Petitioner now seems to claim that he did not understand the import of his waiver, (*see* Pet. Objection to Answer, p. 5,) the record clearly indicates to the contrary.

For these reasons, the Court concludes that Petitioner knowingly and voluntarily waived his right to bring a petition under section 2255 for collateral relief. His waiver will therefore be enforced unless he can demonstrate that doing so would work a miscarriage of justice.

*2. Miscarriage of Justice Standard*

The Third Circuit has declined to enumerate specific situations in which enforcement of a waiver provision would cause a miscarriage of justice; rather, it has endorsed the case-by-case approach taken by the First Circuit in *United States v. Teeter*, 257 F.3d 14 (1st Cir. 2001). *Khattak*, 273 F.3d at 563. Under this approach, the Court should weigh several factors before relieving the defendant of the waiver. These include:

> [T]he clarity of the error, its gravity, its character (e.g. whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Id.* (quoting *Teeter*, 257 F.3d at 25-26). The Third Circuit cautioned, however, that it

would be an "unusual circumstance" where an "error amounting to a miscarriage of justice may invalidate the waiver." *Id*. at 562.

Turning to the instant case, Petitioner's motion for relief does not address, much less present evidence regarding, whether enforcing his waiver would constitute a miscarriage of justice. Nonetheless, the Court has considered the issue and determined that no such miscarriage would result.

The Court does not wish to embark on an analysis of the merits of Petitioner's motion since doing so would be antithetical to his waiver. It therefore suffices to note three points in relation to Petitioner's sentencing. First, the record shows Petitioner was repeatedly informed that he faced a maximum penalty of 20 years imprisonment followed by 3 years of supervised release, and that his sentence was ultimately within the Court's discretion. (*See* Plea Agr., Sch. A, p. 8; App. to Enter Plea of Guilty, pp. 3-5; Plea Hearing Tr., 14:5-15:21; 18:10-19.) Second, according to his own testimony in the record, no one promised Petitioner any particular sentence in connection with his guilty plea. (*See* Plea Hearing Tr., 13:20-14:4.) Third, the record demonstrates that the Court calculated Petitioner's sentence based on, and in keeping with, the information contained in the Pre-Sentence Report ("PSR"). (*See* Sentencing Hearing Tr., March, 13, 2007, 4:1-5:13; 21:11-19; 24:20-25:5.) Petitioner knew he had an opportunity to challenge the facts contained in the PSR, (*see* Plea Hearing Tr., August, 30, 2006, 17:12-18:3,) but declined to do so, except for one point unrelated to its description of

his prior convictions, (*see* Letter from Petitioner's counsel to U.S. Probation Office, February 28, 2007.) These points, combined with the fact that Petitioner's sentence was within the Guidelines range for his offense level, lead the Court to conclude there was no error in this case, let alone an "error amounting to a miscarriage of justice [that will] invalidate the waiver." *Khattak*, F.3d at 562. Accordingly, the waiver must be enforced.

### III.  CONCLUSION

For the foregoing reasons,

IT IS THIS 19th day of February, 2008 hereby

ORDERED that Petitioner's motion to amend his petition under 28 U.S.C. § 2255 [5] is GRANTED IN PART, DENIED IN PART without prejudice to the merits of Petitioner's prison conditions claims; and

IT IS FURTHER ORDERED that Petitioner's amended motion for relief under 28 U.S.C. § 2255 [1] is DENIED; and

IT IS FURTHER ORDERED that no certificate of appealability shall issue under 28 U.S.C. § 2253(c)(2), as Petitioner has not made a substantial showing of the denial of a constitutional right; and

IT IS FURTHER ORDERED that the Clerk of the Court close this case.

 /s/ Joseph H. Rodriguez  
JOSEPH H. RODRIGUEZ  
United States District Judge